Michelle Marchetta Kenyon (SBN 127969)
E-mail: mkenyon@bwslaw.com
J. Leah Castella (SBN 205990)
E-mail: lcastella@bwslaw.com
Kevin D. Siegel (SBN 194787)
E-mail: ksiegel@bwslaw.com
Keiko J. Kojima (SBN 206595)
E-mail: kkojima@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1901 Harrison Street, Suite 900
Oakland, CA 94612-3501
Tel: 510.273.8780    Fax: 510.839.9104

Attorneys for Defendant
CITY OF PACIFICA

FILING FEE EXEMPT PURSUANT TO
GOVERNMENT CODE § 6103

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

SEAN GEARY, LINDA MILES, JARED CARR, HARRY BODE, STEPHEN SANDERS, and all others similarly situated,

Plaintiffs,

v.

CITY OF PACIFICA,

Defendant.

Case No. 3:21-cv-01780-VC

*Assigned for All Purposes to the Honorable Vince Chhabria*

**DEFENDANT CITY OF PACIFICA'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**[Filed concurrently with: Request for Judicial Notice]**

Date:      August 5, 2021
Time:     2:00 p.m.
Ctrm:     4, 17th Floor

Action Filed: March 15, 2021

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 5, 2021, at 2:00 p.m., or as soon thereafter as

this matter may be heard in Courtroom 4 of the above-entitled Court, located at 450 Golden Gate

Avenue, San Francisco, California 94102, Defendant City of Pacifica ("Defendant" or "City")

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

OAK #4828-7894-0652 v1                    - 1 -

CITY'S MOTION TO DISMISS COMPLAINT

will move the Court for an order to dismiss Plaintiffs' 1st through 3rd and 5th through 14th claims.

This Motion is and will be made pursuant to Federal Rules of Civil Procedure 12(b)(6) on the grounds that the challenged portions of the complaint fail to state any claim upon which relief can be granted as a matter of law.

This Motion is and will be based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, and the Request for Judicial Notice, all records presently on file with this Court, all other matters of which this Court shall or may take judicial notice, any reply Plaintiffs may make, and such additional evidence and argument as may be presented to the Court before or during the hearing on this Motion.

Dated:  June 1, 2021                           BURKE, WILLIAMS & SORENSEN, LLP


                                               By: */s/ J. Leah Castella*
                                                   Michelle Marchetta Kenyon
                                                   J. Leah Castella
                                                   Kevin D. Siegel
                                                   Keiko J. Kojima
                                                   Attorneys for Defendant
                                                   CITY OF PACIFICA

# TABLE OF CONTENTS

                                                                                                                    **Page**

INTRODUCTION ............................................................................................................... 1

STATEMENT OF FACTS .................................................................................................. 1

STANDARD OF REVIEW ................................................................................................ 3

ARGUMENT ..................................................................................................................... 3

I.      THE 1ST AND 2ND CLAIMS FOR VIOLATION OF RIGHT TO TRAVEL
        FAIL ....................................................................................................................... 3

II.     THE 3RD CLAIM FOR UNCONSTITUTIONAL VAGUENESS FAILS ..................... 6

III.    THE 5TH CLAIM FOR VIOLATION OF THE 8TH AMENDMENT FAILS ............... 8

IV.     THE 6TH AND 7TH CLAIMS FOR EXCESSIVE FINES AND FEES FAIL ............... 9

V.      THE 8TH CLAIM FOR STATE-CREATED DANGER CLAIM FAILS ...................... 9

VI.     THE 9TH AND 10TH CLAIMS FOR UNLAWFUL SEARCH AND SEIZURE
        FAIL ..................................................................................................................... 10

VII.    THE 11TH THROUGH 14TH CLAIMS FOR DISABILITY DISCRIMINATION
        FAIL ..................................................................................................................... 11

        A.      The 11th Claim for Violation of Title II of the ADA Fails ................................. 11

        B.      The 12th Claim Under the Rehabilitation Act Fails ........................................... 14

        C.      The 13th Claim Under California Civil Code Section 54 Fails ........................... 14

        D.      The 14th Claim Under California Government Code Section 11135 Fails .......... 15

CONCLUSION ................................................................................................................. 15

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### Federal Cases

*Aitken v. City of Aberdeen*,
    393 F.Supp.3d 1075 (W.D. Wash. 2019)............................................................................4

*Barden v. City of Sacramento*,
    292 F.3d 1073 (9th Cir. 2002)..........................................................................................14

*Blake v. City of Grants Pass*,
    No. 1:18-CV-01823-CL, 2020 WL 4209227 (D. Or. July 22, 2020) ...............................9

*U.S. v. Cervantes*,
    703 F.3d 1135 (9th Cir. 2012)..........................................................................................10

*Chalmers v. City of Los Angeles*,
    762 F.2d 753 (9th Cir. 1985)..............................................................................................6

*Desertrain v. City of Los Angeles*,
    754 F.3d 1147 (9th Cir. 2014)........................................................................................6, 7

*Fortyune v. Am. Multi–Cinema, Inc.*,
    364 F.3d 1075 (9th Cir. 2004)..........................................................................................11

*Geiger v. City of Upper Arlington*,
    No. 2:05-CV-1042, 2006 WL 1888877 (S.D. Ohio July 7, 2006)....................................14

*Hotel & Motel Ass'n of Oakland v. City of Oakland*,
    344 F.3d 959 (9th Cir. 2003)..............................................................................................6

*Johnson v. City of Seattle*,
    474 F.3d 634 (9th Cir. 2007)........................................................................................9, 10

*Joyce v. City & Cty. of San Francisco*,
    846 F.Supp. 843 (N.D. Cal. 1994) .................................................................................4, 5

*Kadrmas v. Dickinson Public Schools*,
    487 U.S. 450 (1988) ...........................................................................................................5

*Kawaoka v. City of Arroyo Grande*,
    17 F.3d 1227 (9th Cir. 1994)..............................................................................................5

*League of United Latin Am. Citizens v. Bredesen*,
    500 F.3d 523 (6th Cir. 2007)..............................................................................................4

*Martin v. City of Boise*,
    920 F.3d 584 (9th Cir. 2019)........................................................................................8, 9

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

*Miranda v. City of Cornelius,*
  429 F.3d 858 (9th Cir. 2005)..................................................................................10

*Outdoor Media Group, Inc. v. City of Beaumont,*
  506 F.3d 895 (9th Cir. 2007)....................................................................................3

*Phillips v. City of Cincinnati,*
  No. 1:18-CV-541, 2020 WL 4698800 (S.D. Ohio Aug. 13, 2020)..........................10

*Pierce v. County of Orange,*
  526 F.3d 1190 (9th Cir. 2008)................................................................................13

*United States v. Ritchie,*
  342 F.3d 903 (9th Cir.2003)......................................................................................3

*Samson v. City of Bainbridge Island,*
  683 F.3d 1051 (9th Cir. 2012)..................................................................................5

*Sanchez v. City of Fresno,*
  914 F.Supp.2d 1079 .................................................................................................4

*SeaRiver Mar. Fin. Holdings, Inc. v. Mineta,*
  309 F.3d 662 (9th Cir. 2002)....................................................................................5

*Selene v. Legislature of Idaho,*
  No. 1:21-CV-00021-DCN, 2021 WL 230040 (D. Idaho Jan. 22, 2021)..................13

*Attorney General of New York v. Soto–Lopez,*
  476 U.S. 898 (1986)..................................................................................................4

*Sylvia Landfield Trust v. City of Los Angeles,*
  729 F.3d 1189 (9th Cir. 2013)..................................................................................5

*Telesaurus VPC, LLC v. Power,*
  623 F.3d 998 (9th Cir. 2010)....................................................................................3

*Thompson v. Davis,*
  295 F.3d 890 (9th Cir. 2002)..................................................................................11

*Town of Southold v. Town of E. Hampton,*
  477 F.3d 38 (2d Cir. 2007)........................................................................................4

*Townsend v. Quasim,*
  328 F.3d 511 (9th Cir. 2003)..................................................................................13

*Veterans for Peace Greater Seattle, Chapter 92 v. City of Seattle,*
  No. C09-1032 RSM, 2009 WL 2243796 (W.D. Wash. July 24, 2009) .................4, 5

*Zukle v. Regents of Univ. of California,*
  166 F.3d 1041 (9th Cir.1999)..................................................................................14

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4828-7894-0652 v1

- iii -

CITY'S MOTION TO DISMISS COMPLAINT

**State Cases**

*Martin v. City of Los Angeles*,
    162 Cal.App.3d 559 (1984)............................................................................14

*Tobe v. City of Santa Ana*,
    9 Cal.4th 1069 (1995) ...................................................................................4

**Federal Statutes**

42 U.S.C. § 12132.......................................................................................11, 15

ADA ....................................................................................................... *passim*

Americans with Disabilities Act of 1990 (Public Law 101-336)...................15

Americans With Disabilities Act, tit. II ....................................................11, 13

**State Statutes**

Civil Code
    § 54.......................................................................................11, 14, 15
    § 54(a)..................................................................................................15
    § 54(c)..................................................................................................15

Gov. Code
    § 11135.................................................................................................15
    § 11135(b).............................................................................................15
    § 11135 *et seq.*.....................................................................................11

Rehabilitation Act of 1973, § 504 ..........................................................11, 14

Vehicle Code
    § 22507(a)..............................................................................................8
    § 22651(i)(1).........................................................................................10

**Regulations**

28 C.F.R. § 35.130(b)(7)(i) .......................................................................13

**Municipal Codes**

Oversized Vehicle Ordinance ("OSV") 855-C.S. ............................... *passim*

Pacifica Municipal Code
    § 4-7.1204 .....................................................................................1, 8
    § 4-7.1204(a)(2) ............................................................................1, 7
    § 4-7.1205 ........................................................................................1
    § 4-7.1205(a) ....................................................................................8
    § 4-7.1205(a)(1) ............................................................................1, 7

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

**Other Authorities**

Eighth Amendment ....................................................................................................8, 9

First Amendment .........................................................................................................6

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

OAK #4828-7894-0652 v1        – v –

CITY'S MOTION TO DISMISS COMPLAINT

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## INTRODUCTION

3          Plaintiffs' Complaint is based on the false premise that oversized vehicle parking is

4    banned throughout the City of Pacifica ("City").  It is not.  Plaintiffs know this, and their

5    Complaint reveals that their real concern is a desire to continue parking at favored locations that

6    are now prohibited.  But Plaintiffs do not have a constitutional right to park wherever they

7    choose, oversized vehicle or not; unhoused or not.  The fact that Plaintiffs are or were formerly

8    living in their vehicles, while unfortunate, does not afford them constitutional protections to stop

9    the City from enforcing its oversized vehicle parking laws that address public safety concerns

10   [Pacifica Municipal Code sections Title 4, Chapter 7, Article 12 § 4-7.1204 and 12 § 4-7.1205;

11   Ordinance No. 855-C.S. (the "OSV Ordinance" or "Ordinance"), Exh. 1 to Request for Judicial

12   Notice in support of Defendant's Motion to Dismiss ("RJN").]  Because Plaintiffs have not—and

13   cannot—state valid claims stemming from the City's enactment and enforcement of its OSV

14   Ordinance, this Court should grant the City's Motion to Dismiss Plaintiffs' 1st through 3rd and

15   5th through 14th causes of action.

16

## STATEMENT OF FACTS

17          On December 9, 2019, the City passed the Over-sized Vehicle Ordinance.  [Compl., ¶ 51.]

18   The Ordinance defines Oversized Vehicles to include, in relevant part: "(i) a single vehicle, or

19   combination of vehicles, twenty-two (22) feet or more in length; (ii) a single vehicle, or

20   combination of vehicles, seven (7) feet or more in width, and shall include, but shall not be

21   limited to . . . recreational vehicles (RVs), mobile homes and campers; or (iii) a single vehicle, or

22   combination of vehicles, eight (8) feet or more in height . . ." [RJN, Exh. 1, Municipal Code

23   §7.1204(a)(2).]  The OSV Ordinance makes it unlawful to "park or leave standing any oversized

24   vehicle on public streets with a road width of less than forty (40) feet of width or on public streets

25   that have width constraints which cause the street to be unsafe for traffic."  [*Id*. at §4-

26   7.1205(a)(1).]  Section 4-7.1205(a)(1) further provides that the City Council will identify the

27   streets where OSV parking is prohibited by resolution.

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

OAK #4828-7894-0652 v1                              - 1 -

CITY'S MOTION TO DISMISS COMPLAINT

1    The Ordinance was adopted after presentation of a staff report explaining that the City had

2    received "complaints regarding line-of-sight safety concerns and vehicle lane width concerns

3    related to oversized vehicles blocking peripheral views at intersections and encroaching into

4    bicycle and vehicle traffic lanes." [RJN, Exh. 6, p. 2.] Thus, staff focused on street width to

5    address traffic safety, noting that the minimum road width for safe parking of oversized vehicles

6    is 40 feet, since a width less than 40 feet can result in traffic veering into the oncoming traffic

7    travel lane. [*Id*. at 3, 4.] Staff reviewed the City's road database and determined that 528 of the

8    589 sections of road in the City were less than 40 feet in width. [*Id*. at 4.] Staff then individually

9    analyzed the remaining 61 sections that were over 40 feet in width to determine whether there

10   were other issues that would make oversized parking unsafe, including: (1) diagonal parking;

11   (2) dedicated ("Class II") bicycle lanes; (3) no parking available; (4) unimproved dirt roads; and

12   (5) very short section lengths. [*Id*. at 4, 5.] Such issues were present on an additional 32

13   segments of road, leaving 29 segments of road available for OSV Parking. [*Id*. at 5.] Staff noted,

14   however, that those 29 segments would need to be further analyzed to determine if safety issues

15   related to curves and/or bicycle lane interaction rendered any of those segments unsafe. [*Id*. at 5.]

16   On January 27, 2020, the City Council adopted the proposed Ordinance and Resolution No. 10-

17   2020, which identified in an exhibit the roads not suitable for oversized vehicle parking. [RJN,

18   Exhs. 2 and 7 at p. 21; *see also* Compl. ¶ 58 (mentioning the list of streets covered by the

19   Ordinance posted on a public website).] The City's website page on Oversized Vehicle Parking

20   contains a link ("Streets prohibited for OSV parking") to the current list of streets/segments that

21   are prohibited for OSV parking. [RJN, Exh 4.] There are streets/segments in the City that are not

22   identified as prohibited locations for OSV parking on the list that can be accessed from the City's

23   webpage. These include in part: Linda Mar Boulevard from Adobe Drive to Oddstad Boulevard;

24   Francisco Boulevard from Lakeside Avenue/Laguna Way to Salada Avenue; Bradford Way from

25   Sharp Park Road to Fairway Drive; Esplanade Avenue from W. Avalon Drive to W. Manor

26   Drive; Oceana Drive from Milagra Drive to Avalon Drive; Ridgeway Drive; Westport Drive; Sea

27   Bowl Lane from Highway 1 to Fassler Avenue Paloma Avenue from Palmetto Avenue to

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4828-7894-0652 v1                    - 2 -

CITY'S MOTION TO DISMISS COMPLAINT

1   Francisco Boulevard; and Paloma Avenue from Oceana Boulevard to Sierra Terrace.  [RJN, Fact
2   2.]

3          Plaintiffs initially speculate that parking on streets not listed may be prohibited for other
4   reasons (such as red curbs) and then later jump to the critical conclusion that OSV owners are
5   excluded from parking anywhere in Pacifica due to the Ordinance.  [¶¶ 58, 140.]  This claim is
6   false as there is legal OSV parking in Pacifica.  [RJN, Exhs. 2, 4, and 5 at p. 66 (identifying
7   segments of road left suitable for oversized vehicle parking "or about 5 of Pacifica's 91 miles of
8   road."]  Plaintiffs also fail to allege facts to support their conclusion that nowhere in Pacifica is
9   safe for OSV parking.  They do not allege that they or anyone else attempted to park on every
10  street not on the list and were not able to.  Nor do they allege that all legal OSV parking spaces in
11  Pacifica are occupied.  Plaintiffs also do not claim that they, or anyone else, has had their vehicles
12  impounded under the Ordinance.

13                            **<u>STANDARD OF REVIEW</u>**

14          When ruling on a motion to dismiss, the Court generally considers only those allegations
15  contained in the pleadings, exhibits attached to the complaint, and matters properly subject to
16  judicial notice.  *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir.
17  2007); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003).  The Court need not accept
18  conclusory allegations.  It should "begin 'by identifying pleadings that, because they are no more
19  than conclusions, are not entitled to the assumption of truth.' "  *Telesaurus VPC, LLC v. Power,*
20  623 F.3d 998, 1003 (9th Cir. 2010) (citations omitted).  The Court should disregard "[t]hreadbare
21  recitals of the elements of a cause of action, supported by mere conclusory statements…."  *Id.*
22  (citations omitted).  After eliminating legal conclusions, the court must identify "well-pleaded
23  factual allegations," which it assumes to be true, "and then determine whether they plausibly give
24  rise to an entitlement to relief."  *Id.* (citations omitted).

25                                   **<u>ARGUMENT</u>**

26  **I.   <u>THE 1ST AND 2ND CLAIMS FOR VIOLATION OF RIGHT TO TRAVEL FAIL</u>**

27          "A state law implicates the right to travel when it actually deters such travel, when
28  impeding travel is its primary objective, or when it uses 'any classification which serves to

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4828-7894-0652 v1                          - 3 -

CITY'S MOTION TO DISMISS COMPLAINT

penalize the exercise of that right.' " *Attorney General of New York v. Soto–Lopez,* 476 U.S. 898, 903 (1986) (citations omitted); *accord Tobe v. City of Santa Ana*, 9 Cal.4th 1069, 1100 (1995). Thus, when a right to a governmental benefit turns on whether the would-be beneficiary has moved into or out of the jurisdiction, the right to travel is implicated. *Attorney General of New York*, 476 U.S. at 911 (right to travel implicated by public employment laws that disfavored veterans who had enlisted while living out of state compared to veterans who had enlisted while in-state residents).

By contrast, the right to travel is not implicated where a party seeks to remain in a particular location, including unhoused persons who could move to an alternative location. *Aitken v. City of Aberdeen*, 393 F.Supp.3d 1075, 1084 (W.D. Wash. 2019) ("Courts in this [Ninth] circuit agree that the right to travel is not a right to remain indefinitely wherever one pleases"); *Veterans for Peace Greater Seattle, Chapter 92 v. City of Seattle*, No. C09-1032 RSM, 2009 WL 2243796, *4 (W.D. Wash. July 24, 2009) (plaintiffs "cannot invoke the fundamental right to travel in justifying their desire to remain" on public property of their choosing, as alternatives were available).

Where, as here, the legislation at issue only indirectly regulates travel and does not penalize travel (i.e., is facially neutral), rational basis review applies. *Joyce v. City & Cty. of San Francisco*, 846 F.Supp. 843, 860 (N.D. Cal. 1994); *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 535-36 (6th Cir. 2007) (law that denied non-residents right to secure a driver's license, but allowed non-residents to secure driving certificates, subject to rational basis review); *Town of Southold v. Town of E. Hampton*, 477 F.3d 38, 53-54 (2d Cir. 2007) (law that prohibited ferries from transporting vehicles *indirectly* deterred interstate travel and thus subject to rational basis review); accord *Sanchez v. City of Fresno*, 914 F.Supp.2d 1079, 1110-11 ("law having an incidental impact on travel of a law but having a purpose other than restriction of the right to travel, and which does not discriminate among classes of persons by penalizing the exercise by some of the right to travel, is constitutionally permissible"). California law is in accord. *Tobe*, 9 Cal.4th at 1100 (incidental impacts on the right to travel, which have purpose

1   other than restricting the right to travel or discriminating against classes of persons, are subject to

2   rational basis review).

3       Under rational basis review, the legislation is presumed valid, and the challenger bears the

4   burden to prove that no rational basis could support it.  *Kadrmas v. Dickinson Public Schools*, 487

5   U.S. 450, 462-63 (1988); *SeaRiver Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th

6   Cir. 2002).  The plaintiff bears the burden to prove that "'the governmental body *could* have had

7   no legitimate reason for its decision.'"  *Kawaoka v. City of Arroyo Grande*, 17 F.3d 1227, 1234

8   (9th Cir. 1994) (citations omitted, italics in original).  Thus, if arguably legitimate purposes

9   support the government's action, the action shall be upheld.  *Id.*[1]

10      Applying rational basis review, courts regularly uphold regulations that incidentally affect

11  travel and apply to all persons—whether they are local residents or non-residents, or housed or

12  unhoused.  *Joyce*, 846 F.Supp. at 846, 849, 860 (San Francisco program to enforce legislation

13  prohibiting, *inter alia*, obstruction of sidewalks, camping or sleeping in parks, and aggressive

14  panhandling, rationally related to protection of public health and safety; preliminary injunction

15  denied); *Veterans for Peace,* 2009 WL 2243796, *4 (rejecting motion for preliminary injunction

16  based on right-to-travel challenge to ordinance prohibiting sleeping in public, as plaintiffs had

17  alternative locations to camp and no right to remain at their preferred locations); *cf. Schroeder v.*

18  *Diamond Parking, Inc.*, No. CIV. 12-00378 HG-RLP, 2013 WL 5348472, at *10 (D. Haw. Sept.

19  17, 2013), *aff'd*, 646 F. App'x 505 (9th Cir. 2016) (rejecting challenge to operation of paid

20  parking lot on public property, as "[l]imitations on Plaintiff's ability to park does not interfere

21  with any fundamental right to interstate travel").

22      Here, the City has not regulated or deterred travel, nor has it penalized or denied benefits

23  to anyone based upon their travel or their status as a resident or non-resident of the City (or any

24

_____

25  [1] Similar standards apply in both equal protection and substantive due process cases.  The
    legislation is presumed valid, and the challenger has "an exceedingly high burden" to make a
26  "clear showing of arbitrariness and irrationality."  *Samson v. City of Bainbridge Island*, 683 F.3d
    1051, 1058 (9th Cir. 2012); *Sylvia Landfield Trust v. City of Los Angeles*, 729 F.3d 1189, 1195
27  (9th Cir. 2013) (plaintiff presenting as-applied substantive due process challenge must show
    action was "conscience-shocking" because "it was taken with deliberate indifference toward a
28  plaintiff's constitutional rights").

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4828-7894-0652 v1                    - 5 -

CITY'S MOTION TO DISMISS COMPLAINT

1   other jurisdiction).  Rather, any motorist—including Plaintiffs who reside in OSVs—may freely

2   drive an oversized vehicle on City streets and park them on almost five miles of City streets, and

3   no one is penalized or denied benefits as a result of travel or residency status.  [RJN, Exhs. 1, 2, 4,

4   and 5 at p. 66.]  Thus, the right to travel is not implicated at all, but to the extent it is, rational

5   basis review applies.  Under rational basis review, Plaintiffs have not alleged, nor could they

6   allege, facts to support a contention that there is no arguably legitimate basis for the OSV

7   Ordinance.  Rather, objectively legitimate rationales clearly support prohibiting parking of

8   oversized vehicles on narrow streets, where they would interfere with marked bike lanes, or

9   would for other reasons create safety risks, while allowing OSV parking on almost five miles of

10  streets.  Accordingly, under *Joyce*, *Aitken*, *Veterans for Peace Greater Seattle*, and other cases,

11  Plaintiffs' right-to-travel claim is baseless.

12  **II.      THE 3RD CLAIM FOR UNCONSTITUTIONAL VAGUENESS FAILS**

13         To prevail on a void for vagueness claim, the plaintiff must demonstrate that the

14  legislation "'is impermissibly vague in all of its applications'" (unless the First Amendment is

15  implicated, which it is not in this case).  *Hotel & Motel Ass'n of Oakland v. City of Oakland*, 344

16  F.3d 959, 972 (9th Cir. 2003) (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates,*

17  *Inc.,* 455 U.S. 489, 494–95 (1982) (footnotes omitted)).  The principal issue is whether the

18  regulation "'affords a fair warning of what is prescribed.' "  *Chalmers v. City of Los Angeles*, 762

19  F.2d 753, 757 (9th Cir. 1985) (citing *Village of Hoffman Estates*, 455 U.S. at 502, amended on

20  another issue at 808 F.2d 1373 (9th Cir. 1987)).  The plaintiff must prove (1) the legislation

21  "fail[s] to provide the kind of notice that will enable ordinary people to understand what conduct

22  it prohibits," or (2) authorizes or encourages "arbitrary and discriminatory enforcement."

23  *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1155 (9th Cir. 2014).

24         *Desertrain* provides guidance.  The City of Los Angeles' ordinance provided: "No person

25  shall use a vehicle parked or standing upon any City street, or upon any parking lot owned by the

26  City of Los Angeles and under the control of the City of Los Angeles or under control of the Los

27  Angeles County Department of Beaches and Harbors, as living quarters either overnight, day-by-

28  day, or otherwise."  *Id*. at 1149.  Police officers implemented the ordinance by arresting, for

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4828-7894-0652 v1                    - 6 -

CITY'S MOTION TO DISMISS COMPLAINT

1   example, an individual who was merely sitting in his car to get out of the rain, but had food,

2   clothing, and a bottle of urine in the car, which suggested habitation.  *Id*. at 1151.

3        As to the first prong, the ordinance was "so vague and standardless that it leaves the

4   public uncertain as to the conduct it prohibits."  *Id*.  The Court illustrated that the ordinance

5   provided no guidance by asking a series of unanswerable questions:  "Is it impermissible to eat

6   food in a vehicle?  Is it illegal to keep a sleeping bag?  Canned food?  Books?  What about

7   speaking on a cell phone?  Or staying in a car to get out of the rain?"  *Id*. at 1155-56.  The Court

8   also observed the plaintiffs, who were unhoused, had tried to comply with the ordinance but,

9   "there appears to be nothing they can do to avoid violating the statute short of discarding all of

10  their possessions or their vehicles, or leaving Los Angeles entirely."  *Id*. at 1156.  As to the

11  second prong, the Court determined that the ordinance encouraged arbitrary and discriminatory

12  conduct by leading police officers to target persons who ate in their vehicles if they happened to

13  be unhoused, rather than housed persons eating in their vehicles.  *Id*.

14       Here, the situation is appreciably different.  PMC section 4-7.1204(a)(2) unambiguously

15  defines "Oversized Vehicle," providing dimensional (lengths and widths) and other criteria that

16  clearly provided Plaintiffs by which they could determine if their vehicles were Oversized

17  Vehicles.  [RJN, Exh. 1.]  Section 4-7.1205(a)(1) establishes that it is "unlawful to park or leave

18  standing any oversized vehicle on public streets with a road width of less than forty (40) feet of

19  width or on public streets that may have width constraints which cause the street to be unsafe for

20  traffic."  [*Id*.]  Section 4-7.1205(a)(1) further provides that the streets where OSV parking is

21  prohibited under this section will be identified by resolution of the City Council.  [*Id*.]  To that

22  end, the same day that the Council adopted the OSV Ordinance, it adopted Resolution No. 10-

23  2020, which lists road segments in which OSV parking is prohibited per the Ordinance's

24  objective criteria.  [RJN, Exhs. 2 and 7 at p. 21.]

25       Thus, unlike Los Angeles' ordinance which offered a vague prohibition against using a

26  parked vehicle as "living quarters," the City has provided specific criteria of the conditions that

27  lead to OSV being illegal on a particular segment of road and all roads where parking is illegal

28  are either included on a public list of road segments where OSV parking is prohibited or are

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

OAK #4828-7894-0652 v1                                   - 7 -

CITY'S MOTION TO DISMISS COMPLAINT

accompanied by a sign.  Accordingly, Plaintiffs have no basis under the first prong of the void for vagueness test to claim the OSV Ordinance is unlawful in all of its applications.

Nor does the OSV Ordinance authorize or encourage arbitrary or discretionary conduct. Section 4-7.1205(a) provides clear, objective criteria regarding where OSV parking is prohibited. The Ordinance also authorizes the Traffic Engineer to identify additional locations where, in the exercise of his or her professional opinion pursuant to section 4-7.1204, OSV parking may be prohibited based on safety or aesthetic concerns.  [RJN, Exh. 1.]  But subdivision (c) of section 4-7.1204 states that where the Traffic Engineer exercises such discretion, OSV parking at those locations is only prohibited upon the posting of signs or when the streets are added to a list adopted by Resolution of the City Council.  [*Id.*]  Thus, the OSV Ordinance is not like the LA ordinance, where the absence of criteria encouraged police officers to target unhoused persons who ate in or sat in their cars.  Under the OSV Ordinance, the City may only ticket an OSV if it is parked on the list adopted by Resolution of the City Council or where a sign has been posted. [*Id.*]  These clear criteria for enforcement undermine the vagueness claim.

## III.     THE 5TH CLAIM FOR VIOLATION OF THE 8TH AMENDMENT FAILS

Plaintiffs claim the Ordinance violates the Eighth Amendment ban on cruel and unusual punishment because it allegedly imposes criminal penalties on Plaintiffs for sleeping in their oversized vehicles while parked on public roads in Pacifica when there are no alternative options, such as "spaces where Plaintiffs . . . can park without potentially being charged under the [Ordinance]."  [Compl. at ¶¶ 97, 98.]  But there are spaces where Plaintiffs can legally park, should they choose to avail themselves of these spots.  [RJN, Exhs. 2, 4, and 5 at p. 66.]  The availability of these legal spaces alone distinguishes this case from *Martin v. City of Boise*, upon which Plaintiffs rely.

As an initial matter, *Martin* does not apply because the OSV Ordinance does not criminalize the act of camping on public property; it regulates parking on public streets, which is permitted under California Vehicle Code § 22507(a).  But even if *Martin* could be construed to apply to parking restrictions, it does not apply here.  *Martin v. City of Boise* stands for the narrow proposition that municipal ordinances that criminalize sleeping, sitting, or lying in all public

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4828-7894-0652 v1                      - 8 -

CITY'S MOTION TO DISMISS COMPLAINT

spaces, *when no alternative sleeping space is available*, violate the Eighth Amendment.  920 F.3d 584, 617-18 (9th Cir. 2019).  *Martin* made clear, however, that it was "in no way" dictating to cities that they "must provide sufficient shelter for the homeless, or allow anyone who wishes to sit, lie, or sleep on the streets … at any time and at any place." *Id.* at 617.  Here, judicially noticed facts show there is available parking.  [RJN, Exhs 2, 4, and 5 at p. 66.]  Moreover, the Complaint is devoid of allegations that all legal over-sized vehicle parking spaces in Pacifica are occupied, or were occupied when Plaintiffs received their tickets.  Instead, and notwithstanding Plaintiffs' allegations, the OSV Ordinance does precisely what *Martin* acknowledged was permissible—it establishes time and place restrictions on where OSVs can park.  *Martin*, 920 F.3d at 617.  Plaintiffs' 8th Amendment claim fails.

## IV.    THE 6TH AND 7TH CLAIMS FOR EXCESSIVE FINES AND FEES FAIL

Plaintiffs' claims of excessive fines also fail due to the availability of OSV parking spots.  In *Blake v. City of Grants Pass*, the court found that fining an unhoused person who *must* sleep outside "because they cannot find shelter" almost $300 violated the Excessive Fines Clause.  No. 1:18-CV-01823-CL, 2020 WL 4209227, at *11 (D. Or. July 22, 2020).  "[T]he *decisive consideration* is that Plaintiffs are being punished for engaging in the *unavoidable*, biological, life-sustaining acts of sleeping and resting while also trying to stay warm and dry." *Id.* (emphasis added).  Unlike the unhoused plaintiffs in *Blake*, Plaintiffs here have the option of parking in allowable spaces.  Further, issuing tickets of less than $100 for parking in spaces that are unsafe for oversized vehicles is not "'grossly disproportionate to the gravity of the offense.'" *Id.*, quoting *United States v. Bajakajian*, 524 U.S. 321, 334 (1998).  The excessive fines claims fail.

## V.    THE 8TH CLAIM FOR STATE-CREATED DANGER CLAIM FAILS

The "danger creation exception" is an exception to the general rule that "members of the public have no constitutional right to sue state actors who fail to protect them from harm inflicted by third parties." *Johnson v. City of Seattle*, 474 F.3d 634, 639 (9th Cir. 2007) (quotation omitted).  To hold a state actor liable under the "danger creation" exception, "a plaintiff must first show that 'the state action *affirmatively* place[s] the plaintiff in a position of danger,' that is,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4828-7894-0652 v1                     - 9 -

CITY'S MOTION TO DISMISS COMPLAINT

where state action creates or exposes an individual to a danger which he or she would not have otherwise faced." *Id.* (citation omitted; emphasis added).

Plaintiffs allege that the Ordinance violates the state-created danger doctrine because it gives the City the power to tow individuals' vehicles, thereby creating the risk that they will be constructively evicted during a pandemic. [Compl. ¶¶110-114.] But it is California Vehicle Code § 22651(i)(1), not the OSV Ordinance, that permits a peace officer to impound a vehicle after five or more unpaid tickets. And even if the Court were to intertwine the Ordinance and the State's towing provision, Plaintiffs do not allege that they or anyone else has had their vehicles impounded under the Ordinance. At best, Plaintiffs allege that officers have "*threatened*" to tow. [¶17] (emphasis added). But "the mere threat of [an affirmative act] is an insufficient basis for a state-danger claim." *Phillips v. City of Cincinnati*, No. 1:18-CV-541, 2020 WL 4698800 (S.D. Ohio Aug. 13, 2020) (addressing a state-danger claim in the context of removing unhoused people from an encampment). Plaintiffs' state-created danger claim fails.

## VI.    THE 9TH AND 10TH CLAIMS FOR UNLAWFUL SEARCH AND SEIZURE FAIL

Plaintiffs claim that the OSV Ordinance violates the California and U.S. Constitutions' prohibition on unlawful search and seizure. [Compl. ¶¶ 125, 128.] The crux of Plaintiffs' claim appears to be that multiple violations of the OSV Ordinance do not satisfy the community caretaking doctrine, which is the basis for the State's authority to impound vehicles. *See* Compl. ¶¶ 118-128; *U.S. v. Cervantes*, 703 F.3d 1135, 1141 (9th Cir. 2012). Not so. The community caretaking doctrine permits officers to impound vehicles that "jeopardize public safety and the efficient movement of vehicular traffic." *See Miranda v. City of Cornelius*, 429 F.3d 858, 864 (9th Cir. 2005). The basis for the OSV Ordinance is public safety and the efficient movement of vehicular traffic. [RJN, Exh. 2 at p. 1; Exh. 6, p. 2-8 (discussing, among other things, how over-sized vehicles can force traffic to veer into an oncoming lane, can cause blind spots, and can create safety issues for bicycles and busses that need to pass them).] Violating the Ordinance once, much less five times, is therefore sufficient to satisfy the community caretaking doctrine, and justify impoundment under California Vehicle Code § 22651(i)(1). Plaintiffs' search and seizure claims fail.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4828-7894-0652 v1                              - 10 -

CITY'S MOTION TO DISMISS COMPLAINT

VII.    **THE 11TH THROUGH 14TH CLAIMS FOR DISABILITY DISCRIMINATION**
        **FAIL**

The Complaint asserts four theories of liability for disability discrimination against Plaintiffs Geary, Miles, Bode and Sanders and the disability sub-class: (1) Title II of the Americans With Disabilities Act ("ADA"), (2) Section 504 of the Rehabilitation Act of 1973 ("RA"), (3) the California Disabled Persons Act, California Civil Code section 54; and (4) California Government Code section 11135 *et seq.*  Plaintiffs' discrimination claims are all premised on their assertion that the OSV Ordinance places a disproportionate burden on disabled OSV owners because they are <u>banned</u> from parking on the City streets.  As demonstrated by the judicially noticed facts, there is no ban.  There is <u>allowable</u> parking for OSVs on multiple streets should Plaintiffs choose to avail themselves of these spots.  Tellingly, Plaintiffs seek *parking* as a reasonable accommodation [*see* Compl. ¶77], which is already being provided.  Plaintiffs fail to state facts to support a claim for disability discrimination.

A.    <u>The 11th Claim for Violation of Title II of the ADA Fails</u>

The ADA prohibits disability discrimination in various contexts.  Under Title II, which relates to public services, the ADA specifically states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  Thus, to prove a public program or service violates Title II of the ADA, a plaintiff must show all of the following: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.  *Thompson v. Davi*s, 295 F.3d 890, 895 (9th Cir. 2002).  "[T]he ADA defines discrimination as a public accommodation treating a disabled patron the same as other patrons despite the former's need for a *reasonable* modification."  *Fortyune v. Am. Multi–Cinema, Inc*., 364 F.3d 1075, 1086 (9th Cir. 2004) (emphasis added).

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

OAK #4828-7894-0652 v1                - 11 -

CITY'S MOTION TO DISMISS COMPLAINT

Plaintiffs' ADA claim fails because there is no need for reasonable accommodation under the judicially-noticed facts. The OSV Ordinance does not violate the ADA because OSV owners, including those with disabilities, are still able to park on allowable streets. [RJN, Exhs. 2, 4, and 5 at p. 66.] Plaintiffs incorrectly refer to the OSV Ordinance as an outright parking ban, ignoring available parking options that the OSV Ordinance does allow. The Complaint's focus on a ban makes this clear. Plaintiffs allege that the City's OSV parking program: excludes "unhoused RV owners from *parking anywhere in Pacifica,*" discriminates against and places disproportionate burdens on people with disabilities based on their disability, screens out such persons from the benefit of the City's parking program, and denies them "meaningful access to such benefits and to the City's amenities enjoyed by and available to people without disabilities." [Compl. ¶140.] The Complaint alleges that the OSV Ordinance places a disproportionate burden on OSV owners with disabilities, who allegedly cannot stay in shelters. The Complaint further alleges that those with "mental health disabilities risk serious exacerbation of their conditions by losing their private, safe space"; the "OSV Ordinance disrupts the ability of those with disabilities to rely on their vehicle homes to help manage disabilities and avoid health risks"; that "for impoverished Plaintiffs with disabilities, vehicular homes are the only lifeline to maintain a routine and a regular diet" and "losing their vehicle and having to live unsheltered on the street would gravely jeopardize their vulnerable mental and physical health." [Compl. ¶¶ 74, 75.]

Plaintiffs' alleged concerns are directly addressed by the fact that allowable parking still exists under the OSV Ordinance. Plaintiffs' predictions will not come to fruition if they have access to allowable parking spaces (which they do), rendering their discrimination allegations untenable as a matter of law. The judicially-noticed facts establish that there are streets in the City where OSVs are permitted. Plaintiffs cannot establish that OSV owners with disabilities have been excluded from City services, programs, or activities since they are still able to park on multiple designated City streets. Plaintiffs' desire to park on their preferred streets within the City or on any street they desire does not mean that they have been excluded from City services/programs or that the City must make this purported accommodation. "The ADA does not require an accommodation that an individual requests or prefers; instead, the ADA requires

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

OAK #4828-7894-0652 v1                                - 12 -

CITY'S MOTION TO DISMISS COMPLAINT

only a reasonable accommodation." *Selene v. Legislature of Idaho*, No. 1:21-CV-00021-DCN, 2021 WL 230040, at *8 (D. Idaho Jan. 22, 2021), citing *Zivkovic v. S. Cal. Edison Co*., 302 F.3d 1080, 1089 (9th Cir. 2002) ("An 'employer is not obligated to provide an employee the accommodation he requests or prefers, the employer need only provide some reasonable accommodation' "); *Townsend v. Quasim*, 328 F.3d 511, 518 (9th Cir. 2003).  Since OSVs are able to park on allowable streets, there is no need for further accommodations, such as overturning the OSV Ordinance or an exemption system.  The Complaint fails to state a claim.

Likewise, Plaintiffs' request for the establishment of a "safe parking" lot is not a reasonable accommodation.  The ADA does not impose upon a municipality an obligation "to create new programs that provide heretofore unprovided services to assist disabled persons . . . Nor, ordinarily, must public entities make modifications that would fundamentally alter existing programs and services administered pursuant to policies that do not facially discriminate against the disabled." *Townsend v. Quasim*, 328 F.3d at 518 (9th Cir. 2003).  Instead, "entities are required only to make *reasonable* changes in existing policies in order to accommodate individuals' disabilities."  *Id*. (emphasis in original).  Under an ADA Title II regulation, "[a] public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity."  28 C.F.R. § 35.130(b)(7)(i).  The establishment of a "safe parking" facility is not necessary to avoid discrimination and would fundamentally alter the nature of the City's services, programs, or activities.

Moreover, there is no duty under the ADA to provide parity.  Programs and services offered by a public entity need not be in complete parity with that offered to non-disabled persons, and a public entity need not provide more to disabled persons than it provides to non-disabled persons. *See Pierce v. County of Orange*, 526 F.3d 1190, 1221 (9th Cir. 2008) ("The ADA does not require perfect parity among programs offered by various facilities that are operated by the same umbrella institution.").  Courts expressly recognize and permit the fact that some programs or services may not be exactly the same for disabled and non-disabled persons.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

OAK #4828-7894-0652 v1                                    - 13 -

CITY'S MOTION TO DISMISS COMPLAINT

1    *See Martin v. City of Los Angeles*, 162 Cal.App.3d 559, 566-67 (1984) (programs and services of

2    police station were accessible through rear entrance even though physically disabled person had

3    to travel up inclined driveway, ring buzzer and wait to be admitted through locked door).  Courts

4    have also held that a public entity need not provide more or better programs or services to

5    disabled persons than offered to non-disabled persons.  For example, cities are not required to

6    construct sidewalks where none exist to accommodate disabled persons because such remediation

7    would require cities to provide more to disabled persons than it does to non-disabled persons.  *See*

8    *Geiger v. City of Upper Arlington*, No. 2:05-CV-1042, 2006 WL 1888877, at *1 (S.D. Ohio July

9    7, 2006).  In short, no ADA claim is stated merely by alleging that the City does not provide

10   public benefits and services to the non-disabled on the same basis as Plaintiffs.

11           In sum, Plaintiffs' mere identification of an alleged disproportionate impact on disabled

12   individuals does not save their Eleventh Claim.  Plaintiffs' desire to park where they want as

13   opposed to the City's allowable streets does not create an ADA violation.  Their requested relief

14   to overturn the OSV Ordinance, or alternatively for an exemption program or a safe parking

15   program, is not a reasonable accommodation.

16           **B.      The 12th Claim Under the Rehabilitation Act Fails**

17           Plaintiffs allege that the City has violated the RA for the same reasons it violates ADA:

18   lack of parking for OSVs.  Compliance with the ADA means that a public entity has complied

19   with the RA.  The ADA broadens the scope of Section 504 to apply to all programs, activities,

20   and services of state and local governments, and not just to those entities that receive federal

21   financial assistance.  *See, e.g., Zukle v. Regents of Univ. of California*, 166 F.3d 1041, 1045 (9th

22   Cir.1999); *Barden v. City of Sacramento*, 292 F.3d 1073, 1075-76 (9th Cir. 2002).  Thus, the

23   same arguments above with respect to the ADA doom the RA claim.

24           **C.      The 13th Claim Under California Civil Code Section 54 Fails**

25           Plaintiffs cannot prevail on their claim under Section 54 of the California Civil Code.

26   Section 54 provides that: "Individuals with disabilities or medical conditions have the same right

27   as the general public to the full and free use of the streets, highways, sidewalks, walkways, public

28   buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities,

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

OAK #4828-7894-0652 v1                        - 14 -

CITY'S MOTION TO DISMISS COMPLAINT

and other public places." Cal. Civ. Code § 54(a).  Again, the ADA satisfies all of the substantive requirements of the statute.  As Section 54(c) provides: "A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section."  Cal. Civ. Code § 54(c).  Therefore, the same reasons presented as to why Plaintiffs are barred from recovery under the ADA apply equally to Section 54.

### D.    The 14th Claim Under California Government Code Section 11135 Fails

Likewise, compliance with the ADA means compliance with California Government Code section 11135.  As Section 11135(b) provides: "With respect to discrimination on the basis of disability, programs and activities subject to subdivision (a) shall meet the protections and prohibitions contained in Section 202 of the Americans with Disabilities Act of 1990 (42 U.S.C. Sec. 12132), and the federal rules and regulations adopted in implementation thereof, except that if the laws of this state prescribe stronger protections and prohibitions, the programs and activities subject to subdivision (a) shall be subject to the stronger protections and prohibitions."  Gov. Code § 11135(b).  Accordingly, Plaintiffs' Section 11135 claim should be dismissed.

### CONCLUSION

The Ordinance is necessary for the safety of all drivers, passengers, and bicyclists in Pacifica.  Plaintiffs' desire to park their over-sized vehicles in their preferred locations or initial confusion as to where they are allowed to park does not give rise to constitutional claims when they have adequate alternative parking.  Accordingly, the City's motion to dismiss with regard to Plaintiffs' 1st through 3rd and 5th through 14th claims should be granted without leave to amend.

Dated:  June 1, 2021                          BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ J. Leah Castella*
          Michelle Marchetta Kenyon
          J. Leah Castella
          Kevin D. Siegel
          Keiko J. Kojima
          Attorneys for Defendant
          CITY OF PACIFICA